FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

JUN 2 2 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

JAMES N. HATTEN, Clerk
**ATLANTA DIVISION**    By  *D. Newell*  Deputy Clerk

| | | |
|---|---|---|
| JEROME WADE, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 975670, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-3275-TWT |
| | : | |
| BRETT ZIMBRICK, | : | |
| Defendant. | : | |

**ORDER AND OPINION**

Plaintiff has filed the instant civil rights action pursuant to 42 U.S.C.

§ 1983.  The matter is now before the Court for a 28 U.S.C. § 1915A frivolity

screening.

I.    28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an

initial screening of a prisoner complaint to determine whether the action is: (1)

frivolous or malicious; (2) fails to state a claim on which relief may be granted;

or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint

fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b)

2

(dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II.    Discussion

Plaintiff has named as Defendants Officer Brett Zimbrick of the Atlanta Police Department, Fulton County District Attorney Paul Howard, and Fulton County Assistant District Attorney Peter K. Johnson. Plaintiff complains that he was falsely arrested, falsely imprisoned, and maliciously prosecuted for a murder he did not commit. According to Plaintiff, he was acquitted thereof. Plaintiff seeks monetary damages and equitable relief.

First, a prosecutor enjoys "absolute immunity for the initiation and pursuit of criminal prosecution," and "is absolutely immune from suit for malicious prosecution." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Thus, Plaintiff may not proceed against either District Attorney Paul Howard or Assistant District Attorney Peter K. Johnson for their role in prosecuting Plaintiff for murder. Accordingly, these Defendants should be **DISMISSED** from the current action.

In order to establish a claim for false arrest, Plaintiff must allege that he was arrested without probable cause. See Atterbury v. City of Miami Police Dep't,

3

322 F. App'x 724, 727 (11th Cir. 2009); Harvey v. City of Stuart, 296 F. App'x 824, 828 (11th Cir. 2008).  In order to state a claim for false imprisonment under § 1983, a plaintiff must allege the elements of common law false imprisonment and a due process violation under the Fourteenth Amendment.  Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).  The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the plaintiff's awareness of the confinement.  Id.  The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." Id. (citations omitted).

Finally, the elements of malicious prosecution under § 1983 consist of:  (1) a judicial proceeding commenced against the plaintiff by the defendant(s);  (2) malice and lack of probable cause for the judicial proceeding;  (3) favorable termination; and (4) damages suffered as a result.  Chaney v. City of Orlando, Fla., 291 F. App'x 238, 242 (11th Cir. 2008), cert. denied, __ U.S. __, 129 S. Ct. 2387 (May 18, 2009).  An acquittal can satisfy the favorable termination requirement. See Uboh v. Reno, 141 F.3d 1000, 1005 (11th Cir. 1998).

4

Plaintiff's allegations in this case, if true, suggest that Officer Zimbrick arrested him for murder based upon his criminal history rather than probable cause. Thereafter, Plaintiff was taken into custody following the arrest and he subsequently was acquitted of the charges against him. In light of the allegations presented and in deference to his pro se status, the Court cannot find that Plaintiff's false arrest, false imprisonment, and malicious prosecution claims against Officer Zimbrick are "clearly baseless" or "indisputably meritless." Carroll, 984 F.2d at 393.

III.   Conclusion

In light of the foregoing analysis, Plaintiff's false arrest, false imprisonment, and malicious prosecution claims against Officer Zimbrick are **ALLOWED TO PROCEED** as any other civil action. All other Defendants are **DISMISSED** from the instant action.

IV.   Directions

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from

5

AO 72A
(Rev.8/82)

the entry date of this Order to the Clerk of Court.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant.  The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.

Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to serve each Defendant in accordance with the requirements of Rules 4(i)(2)(A) and 4(i)(2)(B) of the Federal Rules of Civil Procedure.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel.  This Court shall disregard any submitted papers

6

which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED to KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this 22 day of ____June____, 2010.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

7