**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEROME WADE, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 975670, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:09-CV-3275-TWT-CCH |
| | : | |
| BRETT ZIMBRICK, | : | |
|     Defendant. | : | |

## <u>O R D E R</u>

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72 or Criminal Local Rule 58. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

report and recommendation may be adopted as the opinion and order of the District

Court and any appellate review of factual findings will be limited to a plain error

review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with

objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 12th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEROME WADE, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 975670, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-3275-TWT |
| | : | |
| BRETT ZIMBRICK, | : | |
| Defendant. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff filed the above-styled *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. Plaintiff claims that Investigator Brett Zimbrick, a homicide detective with the Atlanta Police Department, falsely arrested and falsely imprisoned him, and maliciously prosecuted him for murder. The action is before the Court on Investigator Zimbrick's motion for summary judgment with brief in support [Docs. 19, 21]; Investigator Zimbrick's Statement of Undisputed Material Facts and supporting exhibits [Docs. 22, 23]; Plaintiff's response to the summary judgment motion [Doc. 25]; and Investigator Zimbrick's reply thereto [Doc. 26]. For the reasons discussed below, the undersigned

AO 72A
(Rev.8/82)

**RECOMMENDS** that Investigator Zimbrick's motion for summary judgment [Doc. 19] be **GRANTED**.

I.    Background

    A.    Procedural Background

Plaintiff alleged in the complaint that Investigator Zimbrick arrested him based on his criminal history for a murder that he did not commit.  [Doc. 1]. Plaintiff further alleged that he was acquitted of the charges. [Id.].  By Order dated June 22, 2010, the Honorable Thomas W. Thrash, Jr. allowed the following claims to proceed against Investigator Zimbrick:  (1) false arrest; (2) false imprisonment, and (3) malicious prosecution.  [Doc. 7].[1]

Investigator Zimbrick filed a motion for summary judgment on January 14, 2011. [Doc. 19].  In connection with the motion, Investigator Zimbrick also filed a notice of filing original discovery [Docs. 20, 23]; Investigator Zimbrick's Statement of Material Facts Upon Which There is No Genuine Dispute [Doc. 22], and a brief in support of the motion [Doc. 21].  On January 27, 2011, Plaintiff filed what he has entitled a "response" to the motion for summary judgment, but he has

---

[1] Plaintiff also had sued Fulton County District Attorney Paul Howard and Assistant District Attorney Peter K. Johnson.  [Doc. 1].  Judge Thrash dismissed those defendants based on prosecutorial immunity.  [Doc. 7 at 3].

AO 72A
(Rev.8/82)

not filed a Statement of Material Facts as required by L.R. 56.1B(2)(b), N.D. Ga. As such, the material facts set forth by Investigator Zimbrick in his Statement of Undisputed Material Facts [Doc. 22] are deemed admitted. <u>See</u> L.R. 56.1B.(1), N.D. Ga.

     B.    <u>Undisputed Facts</u>

Unless otherwise indicated, the Court draws the undisputed facts from Investigator Zimbrick's Statement of Undisputed Material Facts. [Doc. 22]. On December 30, 2008, Investigator Zimbrick was sent to investigate the shooting of Jason Ferrell at 159 Fairfield Place, N.W., in Atlanta. Upon his arrival at the scene, Investigator Zimbrick spoke with several individuals, and learned the following facts: Earlier that same day, Mr. Ferrell had gone to Plaintiff's residence with a hammer and began to break out the windows of Plaintiff's Cadillac, which was parked in Plaintiff's driveway. As Mr. Ferrell was breaking out the windows of Plaintiff's car, Plaintiff came out of the front door of his residence and began shooting at Mr. Ferrell. As Mr. Ferrell moved to the front windows of the car, Plaintiff continued to shoot at him. Mr. Ferrell then ran out of the yard into the street toward his mother's residence while Plaintiff followed behind him continuing to fire the pistol.

3

When officers arrived at Mr. Ferrell's mother's home, Mr. Ferrell was lying on the floor with several bullet wounds.  Upon questioning, Mr. Ferrell identified Plaintiff as the person who shot him.  He died later that night from his injuries.

Investigator Zimbrick attempted to question Plaintiff about what had occurred, but Plaintiff refused to talk to him.  Based on the information Investigator Zimbrick received during his investigation and his belief that Plaintiff shot Mr. Ferrell and caused his death, Investigator Zimbrick charged Plaintiff with Mr. Ferrell's murder.  Even after Plaintiff was charged with Mr. Ferrell's murder, he refused to make any statement to Investigator Zimbrick, including any assertion of self-defense.

II.   Discussion

A.   Legal Standard

Summary judgment is authorized when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 175 (1970); *Bingham v. United*

4

*States*, 724 F.3d 921, 924 (11th Cir. 1984).  The movant carries this burden by showing the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In making its determination, the court must view the evidence and all factual inferences in the light most favorable to the nonmoving party.

Once the moving party has adequately supported its motion, the nonmoving party must come forward with specific facts that demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  The nonmoving party is required to "go beyond the pleadings" and to present competent evidence designating "'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 303 F. App'x 802, 804 (11th Cir. 2008).  "The mere scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*,

5

475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).   Finally, "[w]hile *pro se* complaints are entitled to a liberal interpretation, 'a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.'" *Bryan v. Spillman*, 217 F. App'x 882, 883 n.4 (11th Cir. 2007) (quoting *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)).

B.   <u>Analysis</u>

Section 1983 of Title 42 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, in order to establish a claim under Section 1983, Plaintiff must show a violation of a right secured by the Constitution of the United States and also show that the deprivation was committed by a person acting under color of state law. *Cummings v. DeKalb County*, 24 F.3d 1349 (11th Cir. 1994); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive

6

rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Investigator Zimbrick seeks summary judgment on several grounds. He first argues that Plaintiff has failed to establish any constitutional violations, as Investigator Zimbrick had probable cause to charge Plaintiff with murdering Mr. Ferrell, and Plaintiff refused to provide him with a statement, let alone any indication that Plaintiff allegedly acted in self-defense.[2] Investigator Zimbrick also argues that he is entitled to qualified immunity. The undersigned agrees.

1.      Plaintiff Cannot Prove Any of His Claims as a Matter of Law.

All three of Plaintiff's claims depend on whether Investigator Zimbrick had probable cause to charge Plaintiff with murder. *See Atterbury v. City of Miami Police Dep't*, 322 F. App'x 724, 727 (11th Cir. 2009) (stating that plaintiff's claims for false arrest, false imprisonment and malicious prosecution "hinge on whether [the detective] had probable cause to arrest [the plaintiff]."). The

---

[2] Investigator Zimbrick also argues that he is entitled to summary judgment because he never actually detained Plaintiff. Because of the undersigned's conclusion that he is entitled to summary judgment on the other grounds, this argument will not be addressed.

7

existence of probable cause at the time of arrest absolutely bars a false arrest claim under § 1983. *Id.*; *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009). Likewise, a required element of both false imprisonment and malicious prosecution is that there be an absence of probable cause. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256-57 (11th Cir. 2010) ("[T]he existence of probable cause defeats a § 1983 malicious prosecution claim."); *Atterbury*, 322 F. App'x at 727 (stating that a required element of both false imprisonment and malicious prosecution under § 1983 is an absence of probable cause); *Case*, 555 F.3d at 1330 ("[A] claim of false imprisonment, absent misidentification, depends on an absence of probable cause. . . Because [the officer] had probable cause to arrest him, [plaintiff's] complaint of false imprisonment fails. "). Thus, the false arrest, false imprisonment, and malicious prosecution claims share one common element: they all require proof of the absence of probable cause.

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Case*, 555 F.3d at 1327 (citing *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). "[P]robable cause requires only a probability or substantial chance of criminal

8

activity, not an actual showing of such activity."  Id. (citing *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983)).  "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'" *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (quoting *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990)).  Probable cause must be assessed "not with clinical detachment but with a common sense view to the realities of normal life." *Wilson v. Attaway*, 757 F.2d 1227, 1235 (11th Cir. 1985).

Here, Investigator Zimbrick learned from several witnesses that while Mr. Ferrell was breaking out the windows of Plaintiff's car with a hammer, Plaintiff began shooting at him.  Even after Mr. Ferrell began to run away with his back to Plaintiff, Plaintiff ran after him and continued to fire at him.  Officers found Mr. Ferrell injured with several bullet wounds to his body, he identified Plaintiff as the person who shot him, and he later died of his injuries.  When Investigator Zimbrick attempted to find out what happened from Plaintiff, Plaintiff refused to provide a statement.  Such facts and circumstances certainly were sufficient to warrant a reasonable belief by Investigator Zimbrick that Plaintiff had committed murder.  As such, Investigator Zimbrick had probable cause to charge Plaintiff with murder,

9

and Plaintiff's false arrest, false imprisonment and malicious prosecution claims all fail as a matter of law.

2.      Investigator Zimbrick is Entitled to Qualified Immunity.

Under § 1983, "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights." *Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010).  The evaluation of whether a defendant is entitled to qualified immunity involves three steps:  (1) the defendant must demonstrate that he was engaged in a "discretionary function" when he performed the act about which the plaintiff complains; (2) the burden then shifts to the plaintiff to establish that the defendant violated the Constitution, and (3) the plaintiff must establish that the constitutional right was clearly established when the violation occurred. *Scruggs v. Lee*, No. 06-15511, 2007 WL 1745898 at *3 (11th Cir. June 15, 2007).

A detective's actions in investigating a crime and deciding to make an arrest are discretionary.  *See Tant v. Purdue*, 629 S.E.2d 551, 668 (Ga. Ct. App. 2006) (concluding that officer was performing a discretionary act when he signed an arrest warrant application after he concluded from his investigation that the defendant had been recklessly driving under the influence); *Rodriguez v. Kraus*,

10

619 S.E.2d 800, 802 (Ga. Ct. App. 2005) ("[A] police officer's decision to make an arrest is a discretionary function within the scope of his or her official authority."); *Reese v. City of Atlanta*, 583 S.E.2d 584, 585 (Ga. Ct. App. 2003) ("Even if, . . . the officer's investigation and decision to arrest were flawed, the officer's decisions remained discretionary."); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1268 (11th Cir. 2010) (stating that police investigations and arrests usually are considered discretionary functions); *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007) ("The power of a police officer to choose whether to make an arrest or enforce the law is a discretionary function."); *McCray v. City of Dothan*, No. 01-15756-DD, 2003 WL 23518420 at *3 (11th Cir. April 24, 2003) ("There is no dispute that the officers, in making an arrest, were within the scope of their discretionary authority."). The burden thus shifts to Plaintiff to establish the absence of probable cause. *See O'Donnell v. Derrig*, 346 F. App'x 385, 388 (11th Cir. 2009).

In order to receive qualified immunity, however, Investigator Zimbrick need only have had "arguable" probable cause to have issued the arrest warrant. *Grider*, 618 F.3d at 1257; *Pair v. City of Parker FL Police Dep't*, 383 F. App'x 835, 839 (11th Cir. 2010). "Arguable probable cause exists where reasonable officers in the

same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed. . . ." *Grider*, 618 F.3d at 1257.  As thoroughly discussed in Section II.B.1, Investigator Zimbrick had the requisite probable cause to charge Plaintiff with Mr. Ferrell's murder based on the facts revealed from his investigation.  Even if he was mistaken, however, he is still entitled to such immunity because his conclusion that Plaintiff murdered Mr. Ferrell – after Plaintiff shot Ferrell in defense of Plaintiff's property and continued to chase Ferrell and fire at him as Ferrell fled – was certainly reasonable.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."); *Grider*, 618 F.3d at 1257 ("'Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable.") (quoting *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990)).  As such, Investigator Zimbrick is entitled to summary judgment. *See, e.g., Angiolillo v. Collier County*, 394 F. App'x 609, 614 (11th Cir. 2010) (affirming summary judgment on false arrest claim based on qualified immunity because officers had arguable probable cause to arrest the plaintiff).

V.    <u>Conclusion</u>

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Investigator's motion for summary judgment [Doc. 19] be **GRANTED** and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 17th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

13